**AEROJET–GENERAL CORPORATION,**
a corporation, Plaintiff,

v.

**AERO–JET PRODUCTS CORPORATION**
and Plasti-Kote, Inc., corporations,
Defendants,

v.

**GENERAL TIRE AND RUBBER COMPANY, a corporation, Third-Party Defendant.**

**Civ. A. No. C 62–899.**

United States District Court
N. D. Ohio, E. D.

Sept. 30, 1964.

See also D.C., 33 F.R.D. 357.

Richard E. Guster, C. G. Roetzel, Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, D. Gordon Angus, Pasadena, Cal., for plaintiff and third-party defendant.

Robert J. Fay, Fay & Fay, Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

The plaintiff sued the defendants for an alleged infringement of its trademark, etc. Defendants filed a counterclaim charging plaintiff and the General Tire and Rubber Company, as a third-party defendant, with violating the Sherman Anti-Trust Act, Title 15 U.S.C.A. §§ 1 to 7. The General Tire and Rubber Company, hereinafter termed "General Tire," owns a controlling interest in the plaintiff.

■ Pursuant to Rule 33, Federal Rules of Civil Procedure, the defendants, who are also third-party plaintiffs in this case, have propounded interrogatories to General Tire.

Interrogatory No. 1 asks:

"Do you produce or manufacture products which are considered by you to be paints, protective coatings, including plastic coatings or lacquer, or the like?"

General Tire contends this interrogatory is irrelevant to the counterclaim. In the counterclaim the third-party plaintiffs allege they are "engaged in the business of making and selling products in the general class of aerosol paints, paint primers, enamels, lacquers, varnishes and plastic coatings, and more specifically aerosol spray paints." Paragraph 5 of the counterclaim alleges that General Tire is engaged in "the production and marketing of a product line related to the product line of Defendants. Included in the products of General Tire and Rubber Company are paint primers, paint lattices and latex coatings, as well as other products for the paint industry." General Tire denies its product line is related to that of defendants. Therefore, interrogatory No. 1 may aid in determining whether General Tire does produce a product line "related to" that of the third-party plaintiffs, and the objection to interrogatory No. 1 will be overruled.

■ Interrogatory No. 2 asks:

"If so, how long have you been engaged in producing or manufacturing each such product?"

General Tire charges that the information requested is irrelevant as well as being "privileged and highly proprietary in nature * * *." Interrogatory No. 2 may also lead to discovery of relevant evidence, and the Court is unable to determine how such information is privileged or of a proprietary nature. The objection to interrogatory No. 2 will be overruled.

■ Interrogatory No. 7 asks:
"Have you distributed and/or sold any of the above enumerated prod-

ucts under the mark "AEROJET" or some derivation thereof?"

General Tire contends that the information requested is irrelevant and that "interrogatory number 7, being also tied into interrogatory number 1, is extremely vague by reason of its use of the word 'derivation.'" The objection of irrelevance will be overruled. See paragraph 6 of defendant's counterclaim. The phrase "above enumerated products" in this interrogatory has reference to products named in interrogatory No. 1. General Tire's claim of vagueness is not well-taken, since if it does not consider any other marks appearing on the aforementioned products to be derived from the word "Aerojet" it may so state. The objection to interrogatory No. 7 will be overruled.

■ Interrogatories Nos. 8 through 11 are as follows:

"8. If so, identify each such product, the specific mark used, and describe the manner in which the mark was applied to the goods.

"9. Was any of the uses of the mark 'AEROJET', as described above, performed under license from the Aerojet-General Corporation, Plaintiff herein?

"10. If so, is such license embodied in a written instrument; and, if so, give the name, address, and job title of each person who has custody of such license or licenses, and identify the license or licenses in the custody of each such person.

"11. If you will do so without a motion to produce, attach a copy of each such license to your answers to these interrogatories."

Interrogatories Nos. 8, 9, 10, and 11 are directly related to interrogatory No. 7, and General Tire's objections to them will be overruled for the same reason that the objection to interrogatory No. 7 was overruled. This ruling of course does not mean that General Tire must produce the documents requested in interrogatory No. 11.

■ Interrogatories Nos. 12 through 15 are as follows:

"12. Do you have any registrations, federal or state, of the mark 'AEROJET' or variations thereof?

"13. If so, identify each such registration including its registration number and date of registration.

"14. Do you market any products under the name of 'AEROJET' or some variation thereof, other than the products enumerated above in interrogatory No. 8?

"15. If so identify each such product and indicate:

"(a) Whether or not the use of the mark is pursuant a license agreement with Aerojet-General;

"(b) And, if so, identify by name, address, and job title the person having possession of such license agreement.

"(c) If you will do so without a motion to produce, attach a copy of each such license agreement to your answers to these interrogatories."

General Tire charges that the word "variation" is so vague that it would lead to totally irrelevant information, and cites as an example its trademark "Jet-Air" which is used on a certain line of tires manufactured by General Tire. The counterclaim does not charge a conspiracy to use variations of the trademark "aerojet" on products unrelated to products of the third-party plaintiffs. The objections to interrogatories Nos. 12 through 15 will be sustained.

■ Interrogatories Nos. 18 and 19 are as follows:

"18. Have you opposed in the United States Patent Office registration of the mark 'AEROJET' or confusingly similar words for any class of goods?

"19. If so, indicate each such opposition by number and designate parties thereto, the marks sought to be registered, and the class of goods,

as well as the result of the opposition."

General Tire charges the information is irrelevant, and further charges that what may be "confusingly similar words" ask General Tire for a legal opinion. Third-party plaintiffs answer that:

"Presumably if General Tire has involved itself in an opposition proceeding, it is able to state whether or not it was alleging that some word was confusingly similar to 'Aerojet.' If this was its allegation in any opposition proceeding defendants wish to know this fact."

Third-party plaintiffs also claim the interrogatories are relevant in that they are "attempting to establish the scope of General Tire's interest in the word 'Aerojet' and the product lines covered by such marks." The third-party plaintiffs have not phrased their interrogatories in keeping with their explanation, therefore the objections to interrogatories Nos. 18 and 19 will be sustained.

■ Interrogatories Nos. 20 through 25 are as follows:

"20. Have you ever assisted, in any way, in an opposition by the Aerojet-General Corporation which related to the mark 'AEROJET', or some derivation thereof?

"21. If so, identify each such opposition by number, the name of the parties, the mark sought to be registered, and the class of goods, and also describe the type of assistance provided, including the names and addresses and job titles of persons employed by you in providing such assistance.

"22. Have you assisted Aerojet-General in any lawsuit pertaining to the word 'AEROJET'?

"23. If so, identify each lawsuit and the name, address, and job title of each person employed by you who provided such assistance and describe the type of assistance provided by each.

"24. Have you ever assisted Aerojet-General in negotiating with

third parties concerning the use of the mark 'AEROJET', or some mark allegedly confusingly similar thereto?

"25. If so, identify by name and address the party who was using such mark, the precise mark used, and indicate the type of assistance provided by you."

In light of paragraph 6 of third-party plaintiffs' counterclaim alleging that plaintiff and General Tire "have combined and conspired" to hinder third-party plaintiffs' business, the interrogatories may lead to relevant information. The objections will be overruled, but the phrase "or some derivation thereof" in interrogatory No. 20 must be limited to related products in accord with the Court's ruling as to interrogatory No. 7.